IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          MEMORANDUM

           Plaintiff,

                                                     07-cr-149-bbc

    v.

ELIZABETH CIRVES,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

While reviewing a motion for post conviction relief filed recently by defendant, I reviewed two orders entered in this case: one entered on February 22, 2012, dkt. #55, denying defendant's motion for a reduction in her sentence under 18 U.S.C. § 3582, and a subsequent order denying her motion for reconsideration of that order, entered on May 23, 2012, dkt. #57. In rereading them, I realized that they might not be entirely clear. In both orders, I said that defendant had received the mandatory minimum sentence for her offense after she had been resentenced on the government's motion for a reduction in her sentence for substantial assistance. This was not accurate. At her original sentencing, defendant had qualified for a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) because her offense involved at least five grams of crack cocaine and the government had filed an information under 21 U.S.C. § 851 setting forth a previous felony drug conviction. Dkt. #9.) However, because her resentencing was based on the government's motion for a reduction of sentence because of her assistance, the minimum mandatory sentence no longer

1

applied.

The 120-month sentence imposed on defendant at her resentencing was deemed appropriate for her in light of her personal history and characteristics, the nature of the offense and her substantial assistance. It represented the bottom of the reduced guideline range (120-151 months) after she was given a reduction of three levels in her guideline range.

Although it was an error to say in the orders, dkts. ## 55 & 57, that defendant's sentence could not be reduced under § 3582 because her sentence was governed by the mandatory minimum sentence, it was not error to deny her motions. Her original and amended guideline ranges were barely affected by the amount of crack cocaine for which she was found responsible, but were determined primarily by the amount of powder cocaine. Those ranges would remain the same if the crack cocaine were not considered, so defendant has no valid claim to a reduced sentence under § 3582.

Entered this 3d day of July, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge